By the Court. Bosworth, J.
But one exception was taken during the progress of the reference, and no exception was taken to the final decision of the referee. At all events no such exception appears in the case. Only two questions of law arise on this appeal. Those questions are, first, does the complaint state facts sufficient to constitute a cause of action ? and second, is the exception, which was taken during the trial, tenable ?
The defendants, in their printed points, take the position that the complaint does not state facts sufficient to constitute a cause of action. This objection may be raised in any stage of the action. (Code, § 148.)
The complaint states that John Garner was seized of the premises in question, in his own right in fee, and was in the lawful possession of them on and before the 1st of May, 1843. That he died so seized, in that year, intestate, leaving one of the plaintiffs, his widow, and the other plaintiffs, his only heirs-at-law him surviving.
That those named as heirs are seized in fee, and entitled to the possession, subject to the life estate of the widow in an undivided third part thereof. That the defendants are wrongfully in possession, and claim a right thereto, and although often requested, have refused, and still refuse, to give up the possession, and unjustly withheld possession from the plaintiffs, and prays j udgment that they deliver up possession to the plaintiffs.
We think there can be no doubt, that such a complaint, under the Code, is good on general demurrer. (Code, §§ 142, 471.)
The objection taken during the progress of the trial was general, and was to the effect, that no evidence was admissible, under the pleadings, to show the non-payment of taxes or the breach of any of the covenants contained in the cause.
It was competent for the plaintiffs to prove any matter which, in *544 legal effect, would avoid the lease, and prevent its operating as a bar, or obstacle, to the plaintiffs’ right to recover. The Code performs, for the plaintiffs, the office of a pleader, who can commit no mistake, in replying to an answer which sets up, by way of defence, new matters, not constituting a counter-claim. It pleads for him, and in proper form, in avoidance of the answer, any matter which it is in bis power to prove, and which is sufficient to accomplish that result. (Code, § 168.)
It follows that neither of the questions of law, which the defendants are permitted to raise on this appeal, is tenable.
The ease of Garner v. Hannah, decided at the October General Term, 1856, is decisive of all questions in this-case relating to the merits. Ante, 262.
The judgment must be affirmed, but with liberty to the defendants in this action, by notice, or on petition, to apply for such relief against it as they may be advised, and without prejudice to their right to bring an action to obtain such relief, if so advised.